**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Josepha D. Cordova Lima, on behalf of herself and all others similarly situated, | C/A No.: 9:22-cv-04490-BHH |
| Plaintiff, | |
| vs. | |
| Housekeeping Services of Hilton Head, LLC, DMS LLC, d/b/a DELKO Enterprise Inc., David L. Myers, and Carlos Dante Acosta, Individually, | **JOINT MOTION FOR COURT APPROVAL** |
| Defendants. | |
| DMS, LLC and Carlos Dante Acosta and Housekeeping Services of Hilton Head, LLC, and David L. Myers | |
| Third-Party Plaintiffs, | |
| v. | |
| Delko Enterprise, Inc., | |
| Third-Party Defendant. | |

The parties to the above-captioned action, by and through their undersigned counsel, jointly move the Court for an Order approving their Settlement Agreement, Release and Covenant Not to Sue ("Agreement") and dismissing this case with prejudice. In support of the motion, the Parties offer the following:

**Factual Background**

Filed on December 12, 2022, (ECF 1), this case was brought by Plaintiff Josefa D. Cordova Lima on behalf of herself and all those similarly situated, claiming that the

Defendants violated the Fair Labor Standards Act's overtime provisions. Defendant Delko Enterprises Inc. was held in default.  (ECF 37.) The remaining Defendants Housekeeping Services of Hilton Head, LLC., David L. Myers, DMS, LLC, and Carlos Dante Acosta (Defendants) were served with the Summons and Complaint and filed responsive pleadings, denying Plaintiff's allegations.

Defendant Housekeeping Services of Hilton Head, LLC formerly owned and operated a large-scale commercial laundry and linens for the area's hotels, resorts, restaurants, and property management companies. (First Amend Comp, ¶ 18, ECF 40). Plaintiff's primary responsibilities include laundering, drying, ironing, and folding linens for commercial use. (Id. ¶ 28.)  Plaintiff's allegations are that Defendants violated 29 U.S.C. § 207(a) of the FLSA by not compensating Plaintiff at a rate of one-and-a-half times her regular rate when she worked longer than forty (40) hours in a work week. Defendants deny that they employed Plaintiff and dispute the alleged violations and maintain that they did not engage in any unlawful labor practices or policies. (Answers to First Am. Compl., ECF 41-42). Defendants maintain that Defendant-in-default Delko was a staffing agency that employed Plaintiff and was responsible for Plaintiff's payroll, noting that Defendant Housekeeping Services of Hilton Head, LLC properly paid CHS Services, Inc. (Id.) Defendants provided Plaintiff's Counsel with time records for Plaintiff. The parties were in the process of exchanging written discovery when they reached a settlement.

## Proposed Settlement

The parties have negotiated a compromise settlement of Plaintiff's alleged claims based on estimated alleged losses falling within a 3-year statute of limitations under the FLSA, preserving Defendants' denial of any wrongdoing. After considerable discussions

and negotiations, including a review of the available evidence, the parties have reached a settlement in this matter. This settlement represents the resolution of a *bona fide* dispute. Specifically, the parties reached a resolution regarding alleged back wages owed and the applicability of Defendants' good-faith defense under 29 U.S.C. § 260. As reflected in the settlement agreement, Plaintiff is receiving a total of $24,500, which constitutes all of her alleged unpaid overtime wages in addition to some alleged liquidated damages. Which will be payable in ten (10) business days after Court approval. After the settlement payments have been delivered to Plaintiff's counsel and have cleared the bank, counsel will file a stipulation of dismissal with prejudice.

The settlement amount is adequate when viewed against the risks, expenses, and delays inherent in continued litigation. Moreover, any recovery Plaintiff could potentially receive, if they continued to litigate her claims, will be delayed while the parties engage in a trial and potentially an appeal. Such delays could last a year or longer. Plaintiff's allocation of settlement funds is based on an individual determination using the duration of time she was employed by Delko during the applicable statute of limitations period for the relevant time. Although it may be possible for Plaintiff to receive a higher recovery after trial, it would also be possible for Plaintiff to receive a lower net recovery after trial considering the expense and delay inherent in continued litigation and possible appeals. The settlement eliminates the risks of litigation and provides Plaintiff a recovery now rather than at the conclusion of litigation. In light of all of these risks, the parties made a reasonable decision to settle this case for the terms set forth in the proposed Settlement Agreement.

**Legal Discussion**

Settlements of FLSA claims are appropriate for court approval when the settlement is a "fair and reasonable resolution of a *bona fide* dispute over [the] FLSA." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). The settlement ultimately reached was the product of arm's-length negotiations between the parties. It provides relief to plaintiff and eliminates the risk the parties would bear if this litigation were to continue. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as a strong indication of fairness).

The factors to be considered in evaluating the fairness of an FLSA settlement include the following: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. See, e.g., id.; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at \*11 (E.D. Va. Sept. 28, 2009); *Houston v. URS Corp.*, 2009 U. S. Dist. LEXIS 70151 (E.D. Va. 2009). Approval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements. *Clark v. Ecolab, Inc.*, 2010 WL 1948198, \* 7 (S.D.N.Y. May 11, 2010). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Id. (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). Litigating the claims poses risks to both parties, and a settlement resulting from an arm's-length negotiation should be approved. *Houston v. URS*

4

*Corp.*, No. 1:08cv203, 2009 WL 42474055, at *2,*5-10 (E.D. Va. Aug. 7, 2009) (approving FLSA settlement after determination that it was a fair and reasonable resolution of a bona fide dispute); *Lomascolo*, 2009 WL 3094955, at *10 (approving settlement of FLSA claims and noting "[l]itigants should be encouraged to determine their respective rights between themselves and there is an overriding public interest in favor of settlement, particularly in class action suits.") (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The settlement is the product of an arm's-length negotiation. "There is a presumption that no fraud or collusion occurred between counsel" during the negotiation of a settlement, absent evidence to the contrary. *Lomascolo*, 2009 WL 3094955 at *12. The settlement reached there was the result of an arm's-length negotiation. The Parties discussed the strengths and weaknesses of their relative positions and eventually reached an agreement that represented a reasonable allocation of the risk and expenses of continuing litigation. Plaintiff has agreed to the settlement. The representations by counsel regarding the arm's-length nature of the settlement negotiations and the lack of evidence of fraud or collusion weigh in favor of approving the settlement. See *Lomascolo*, 2009 WL 3094955 at *7 (when the court determines that a settlement agreement was the product of arms-length negotiations that weighs in favor of approving the settlement).

Further, counsel for both Plaintiff and Defendants are experienced in FLSA litigation. Defense counsel Nekki Shutt is certified as a specialist in employment and labor law by the Supreme Court. She has practiced for more than 28 years. In addition, she has served as President of South Carolina Bar's Employment and Labor Law Specialization. Defense counsel Thomas Rode is a partner in the firm of Thurmond Kirchner and Timbes, P.A., in Charleston. He has practiced for more than 15 and routinely

represents clients in US District Court. Plaintiff's Counsel Marybeth Mullaney has practiced in FLSA litigation representing employees for over ten years and has experience representing plaintiffs in collective actions. Over the previous five (5) years approximately thirty percent of her cases have involved FLSA litigation representing employees, the majority of which are collective actions. Ms. Mullaney has been a practicing attorney for more than 20 years and has the skills and expertise to adequately prosecute the Plaintiff's claims. Consequently, counsels' experience litigating FLSA claims weighs in favor of approving the settlement.

Finally, the attorneys' fees and costs of $15,500 are reasonable and appropriate. Plaintiff's Counsel fees were higher however she reduced her fees for settlement purposes. Consistent with the terms of the legal services agreement between Plaintiff and Plaintiff's counsel, counsel's fees and expenses and a separately negotiated amount is being paid to Plaintiff's counsel. The parties negotiated the fees separately from the award to the Plaintiff and based the amount of the fee award on the hourly rates and work performed by Plaintiff's counsel rather than a percentage-of-the-fund method. Accordingly, the fee award is not reducing the amounts to be paid to the Plaintiff as damages.

## CONCLUSION

For all the foregoing reasons, Plaintiff and Defendants respectfully request that the Court grant approval of the proposed Settlement.

(Signature pages follow.)

Respectfully submitted by:

s/ Nekki Shutt_____
Nekki Shutt, Esq. (Fed. I.D. No. 6530)
Sarah J.M. Cox, Esq. (Fed. I.D. No. 13166)
Lydia Robins Hendrix, Esq. (Fed. I.D. No. 14192)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
P.O. Box 1929
Columbia, South Carolina 29202-1929
Telephone:  803.904.7912
Facsimile: 804.940.7910
nshutt@burnetteshutt.law
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR DEFENDANTS HOUSEKEEPING SERVICES OF HILTON HEAD, LLC AND DAVID L. MYERS**

April 12, 2024
Columbia, South Carolina

s/ Thomas J. Rode_____
Thomas J. Rode, Esq. (Fed. I.D. No. 11139)
Thurmond Kirchner & Timbes, P.A.
15 Mid Atlantic Wharf
Charleston, South Carolina 29401
Telephone:  843.937.8000
thomas@tklawyers.com

**ATTORNEY FOR DEFENDANTS DMS, LLC AND CARLOS ACOSTA**

April 12, 2024
Charleston, South Carolina

s/  Marybeth Mullaney_____
Marybeth Mullaney (Fed. Id 11162)
MULLANELY LAW FIRM
1037-D Chuck Dawley Blvd Suite 104
Mount Pleasant, SC 29464
Tel.: (843) 588-5587
marybeth@mullaneylaw.net

**ATTORNEY FOR PLAINTIFF**

April 12, 2024
Charleston, South Carolina

7